# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**ANNIE RUTH ROBERTS,**

    **Plaintiff,**

**Vs.**

**Civil Action No.: 2019-_____**

**JURY TRIAL DEMANDED**

**WAL-MART STORES, INC., a corporation; there may be other entities whose true names and identities are unknown to the Plaintiff at this time, who may be legally responsible for the claims set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all Legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations. The symbol by which these parties are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity." In the present action the party Defendants which the Plaintiff must include by descriptive characterization are as follows:**

 Defendant A, whether singular or plural, that entity or those entities who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit;

Defendant B, whether singular or plural, that entity or those entities who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit;

Defendant C, whether singular or plural, that entity or those entities who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;

Defendant D, whether singular or plural, that entity or those entities who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;

**Defendant E**, whether singular or plural, that entity or those entities which controlled or had the right to control the area involved in the occurrence made the basis of this lawsuit at the time of said occurrence;

**Defendant F**, whether singular or plural, that person or persons, entity or those entities who or which created and/or maintained the defect on the premises involved in the occurrence made the basis of this suit;

**Defendant G**, whether singular or plural, that person or persons, entity or those entities who or which had responsibility for the inspection of the defect and/or instrumentality on the premises involved in the occurrence made the basis of this suit;

**Defendant H**, whether singular or plural, that person or persons, entity or those entities who or which conducted safety inspections at or with reference to the site of the involved in the occurrence made the basis of this lawsuit, prior to and/or on the date of said occurrence;

**Defendant I**, whether singular or plural, that entity or those entities, including, but not limited to, the general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit which conducted any safety inspection or analysis of, or with regard to the premises involved in the occurrence made the basis of this lawsuit at any time prior to said occurrence;

**Defendant J**, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, for any of the named defendants or fictitious party defendants listed or named herein;

**Defendant K**, whether singular or plural, that entity or those entities, other than those entities described above, whose negligent, willful, wanton, intentional, or other wrongful conduct caused and/or contributed to cause the occurrence made the basis of plaintiff's complaint;

**Defendant L**, whether singular or plural, that person or persons, entity or those entities, other than those entities described above, which are the successors in interest of those persons and/or entities described above;

**Defendant M**, whether singular or plural, that person or persons, entity or entities who or which are responsible for the maintenance at or with reference to the site of the involved in the occurrence made the basis of this lawsuit, prior to and/or on the date of said occurrence;

**Plaintiff avers that the identity of the fictitious party defendants is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time their identity as proper party defendants is not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained,**

        **Defendants.**

## COMPLAINT

COMES NOW the Plaintiff, Annie Ruth Roberts, by and through undersigned counsel, and for her complaint against the Defendants, represents unto this Honorable Court as follows:

### I.   PARTIES

1. Plaintiff, Annie Ruth Roberts, is over the age of nineteen (19) years and a resident citizen of the State of Alabama.

2. Defendant, Wal-Mart Stores Inc., is a business organized under the laws of Arkansas and is doing business in Blount County, Alabama.

3. Defendants A-M are corporations, entities, businesses, individuals and/or the like who are presently unknown to the Plaintiff, but who owed Plaintiff a duty of reasonable care in ensuring a reasonable safe environment of the subject premises and whose actions and/or inactions directly or indirectly caused or contributed to Plaintiff's injuries and damages.

## II. JURISDICTION AND VENUE

4. Jurisdiction is proper in the Court pursuant to 28 U.S.C. § 1332(a)(1), because the Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, excluding interests and costs. Plaintiff's claims in this action are brought solely under state law.

5. Venue is proper in this Court as a substantial part of the events, acts or omissions giving rise to the claim occurred within this district and the Defendant regularly conducts business in this District, including leasing, owning, operating, and/or maintaining, in whole or in part, the premises located at situated at 2453 2nd Avenue East, Oneonta, Alabama 35121, upon which Plaintiff Annie Ruth Roberts was injured.

## III. CAUSES OF ACTION

### COUNT I
### Negligence/Wantonness

6. Plaintiff re-adopts and re-alleges each and every paragraph as though fully set out herein.

7. On or about December 4, 2017, Plaintiff, Annie Ruth Roberts, was an invitee on the premises of Wal-Mart Store #315 located at 2453 2nd Avenue East in Oneonta, Alabama.

8. On said date and place, Plaintiff was walking through the Wal-Mart parking lot when she stepped in a hole and fell, causing injuries.

9. The Plaintiff further avers that on said date and at said place, the Defendants and those designated fictitious parties negligently maintained the area where the Plaintiff was injured and negligently failed to keep the area where the Plaintiff fell in a reasonably safe condition.

10. The Plaintiff further avers that the Defendants, whether named or fictitious party Defendants, had a duty to keep its premises in a reasonably safe condition for patrons, such as the Plaintiff. Further, Plaintiff avers that the Defendant knew or should have known of the existence of the unreasonably dangerous condition that injured the Plaintiff.

11. Plaintiff further acers that the Defendants had a duty to warn the Plaintiff of the unreasonably dangerous condition.

12. The Plaintiff further avers that the Defendants, whether named or fictitious party Defendants, were negligent and/or wanton in their supervision of the area where the Plaintiff was injured and/or their supervision of personnel responsible for the area and that the Defendants' negligence and/or wantonness rendered said area a hazardous and otherwise unreasonably dangerous condition for individuals, including the Plaintiff.

13. The Plaintiff further avers that the Defendants, whether named or fictitious, negligently and/or wantonly failed to warn the Plaintiff of said hazardous and dangerous condition prior to her fall.

14. The Plaintiff further avers that as a direct and proximate result of aforesaid negligence or wantonness on the part of the Defendants, whether named or fictitious party Defendants, the Plaintiff, Annie Ruth Roberts was proximately caused to suffer the following injuries and damages:

    (a)    she was caused to suffer physical pain and mental anguish;

    (b)    she was caused to seek medical treatment and was prevented from going about her normal activities;

    (c)    she was permanently injured;

    (d)    she was caused to incur medical expenses to treat and cure her injuries;

    (e)    she was caused to suffer mental anguish and emotional distress;

    (f)    she was caused to be injured and damaged, all to her detriment.

15. Plaintiff avers that on said occasion, the negligence and wantonness of all Defendants, whether named or fictitious parties, combined and concurred, caused the Plaintiff to be injured and damaged as set forth herein.

## COUNT II
### Fictitious Defendants

16. Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

17. Plaintiff further avers that the conduct of Fictitious Defendants, identified as Defendants, "A through L", combined and concurred to directly or proximately cause the Plaintiff's injuries and damages set out in **COUNT I** above. Defendants, "A through M," whose current names and identities are unknown to the Plaintiff at the present time will be correctly named and identified by amendment when properly ascertained.

WHEREFORE, the Plaintiff claims of the Fictitious Defendants, "A through M," damages in an amount in excess of the jurisdictional requirements of this Court, plus costs.

*/s/ Kirby D. Farris*
KIRBY D. FARRIS (ASB-2224-R78K)
Attorney for Plaintiff

*/s/ Jessica M. Zorn*
JESSICA M. ZORN (ASB-7200-Z21G)
Attorney for Plaintiff

OF COUNSEL:

**FARRIS, RILEY & PITT, LLP**
The Financial Center, Suite 1700
505 20th Street North
Birmingham, Alabama 35203
T:  (205) 324-1212
F:  (205) 324-1255
kfarris@frplegal.com
jzorn@frplegal.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

*/s/ Kirby D. Farris*
KIRBY D. FARRIS (ASB-2224-R78K)

*/s/ Jessica M. Zorn*
JESSICA M. ZORN (ASB-7200-Z21G)

**SERVE DEFENDANT BY CERTIFIED MAIL:**

Wal-Mart Stores, Inc.
C/O CT Corporation System
2 North Jackson St.
Suite 605
Montgomery, AL 36104